UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MACEO WILLIS, JR., | ) |
| Plaintiff, | ) |
| v. | ) 15-CV-3037 |
| STATE OF ILLINOIS, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, is proceeding in forma pauperis. However, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(d)(2). Accordingly, the Court will review Plaintiff's complaint before directing service to ensure that Plaintiff states a federal claim. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible

on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The first part of Plaintiff's complaint challenges his detention in the Rushville Treatment and Detention Center. That challenge must be pursued in Plaintiff's state civil commitment proceedings. After Plaintiff has timely exhausted all of his state court remedies, including appeals, he may be able to pursue a habeas action in federal court. An action under 42 U.S.C. § 1983 cannot be used to challenge the fact of Plaintiff's confinement. *See, e.g.*, DeWalt v. Carter, 224 F.3d 607, 614 (7th Cir. 2000)(challenges to fact or duration of confinement must be pursued in habeas action, not in an action under 42 U.S.C. § 1983).

The next part of Plaintiff's complaint arises from an alleged assault by Plaintiff's roommate on Plaintiff about five days after they were roomed together. Plaintiff alleges that he should never have been placed in the room because the rooming committee knew that Plaintiff's roommate had a violent history and was mentally unstable. Plaintiff also alleges that he was "bleeding out" from a cut in his face but was denied access to medical care for seven hours. Plaintiff was punished for fighting, even though he allegedly had not

resisted in any way, and he was not given a chance to mount a meaningful defense because he was not provided his eyeglasses so that he could read the notice of charges.

Plaintiff states an arguable constitutional claim for the failure to protect him from a substantial risk of serious harm. The only individuals who might be held liable are those who personally knew that the roommate was dangerous yet authorized or directed that Plaintiff be placed with the roommate anyway. Kuhn v. Goodlow, 678 F.3d 552. 556 (7th Cir. 2012)("'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'")(quoted cite omitted); Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). The "rooming committee" cannot be sued. After counsel has appeared for the named defendants, Plaintiff will need to send discovery requests to defense counsel to determine the proper defendants on this claim.

Plaintiff also states an arguable claim for deliberate indifference to his need for medical attention immediately after the assault. Whether Dr. Bednarz was responsible for the delay cannot be determined without a more developed record.

A procedural due process claim may also be stated if the punishment Plaintiff received was an "atypical and significant deprivation." <u>Sandin v. Conner</u>, 515 U.S. 472, 487 (1995). Plaintiff was punished with "close status," but what exactly close status meant is not clear. <u>Miller v. Dobier</u> held that close status was not a serious enough deprivation to trigger procedural due process protections. <u>Miller v. Dobier</u>, 634 F.3d 412 (7th Cir. 2011). However, the actual conditions imposed, not the label attached to them, determines whether the punishment was objectively serious. A more developed record is required to make that determination. The committee members who imposed the punishment will be added as defendants.

**IT IS ORDERED:**

1.  Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following federal constitutional claims: (1) failure to protect Plaintiff from a substantial risk of serious harm of an attack by his roommate; (2) deliberate indifference to Plaintiff's need for immediate medical treatment after the assault; (3) lack of adequate written notice of the fighting charges against him and lack of meaningful opportunity to present a defense, including calling

witnesses and obtaining his medical records to corroborate his injuries.

2. The Court takes supplemental jurisdiction over Plaintiff's assault and battery claim against resident Williamson. Service on Williamson will be attempted, but Williamson is a common name. Plaintiff may need to provide Williamson's first name.

3. This case proceeds solely on the claims identified in paragraphs one and two above. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from

the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13. **The clerk is directed to add the following persons as Defendants: Sharlene Caraway, Joseph Hankins, and J.R. Reid.**

14. **Defendants State of Illinois, Rushville Treatment and Detention Center, and Rooming Committee are dismissed because they are not appropriate Defendants in this action. The clerk is directed to terminate the State of Illinois, the Rushville Treatment and Detention Center, and the Rooming Committee.**

15. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED: 6/3/2015

FOR THE COURT:

           s/Sue E. Myerscough
           SUE E. MYERSCOUGH
         UNITED STATES DISTRICT JUDGE