UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MACEO WILLIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-3037 |
| | ) | |
| GREG SCOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his detention in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He pursues claims arising from an alleged assault against him by his roommate, Mr. Williamson; the punishment Plaintiff received for fighting Mr. Williamson; and, a delay in medical care for the injuries Plaintiff suffered from the incident.

On February 22, 2017, the Court granted summary judgment to Defendants on Plaintiff's medical care claim. Summary judgment was denied on Plaintiff's failure to protect claim as to Defendants Hankins, Scott, Caraway, and Kunkel. Summary judgment was

denied with leave to renew on Plaintiff's procedural due process claim that Plaintiff was punished for fighting without procedural due process.

The Court understands the procedural due process claim to be against Defendants Hankins, Caraway, and Reid, who comprised the disciplinary committee which punished Plaintiff for fighting. Defendants Caraway and Reid have renewed their motion for summary judgment on this claim, but Defendant Hankins has not.[1]

The Court's order denying summary judgment on the procedural due process claim noted that the claim appeared to be foreclosed by Miller v. Dobier, 634 F.3d 412, 415 (7th Cir. 2011). The Defendants in this case imposed 30 days of close status on Plaintiff and 90 days of black box restraints during transports outside the facility. The Seventh Circuit Court of Appeals held in Miller that "close status" at the Rushville Treatment and Detention Center is not a significant enough deprivation to trigger procedural due process protections. The plaintiff on close status in Miller was "free to leave his cell for most of the day, to receive visitors, and in

---

[1] Defendants Caraway and Reid are employed by Liberty Healthcare, which contracts with the Illinois Department of Human Service to provide mental health treatment for the Rushville residents. Defendant Hankins is employed by the Illinois Department of Human Services.

this and other respects to avoid extremes of close confinement such as are encountered in segregation units." Id. Miller also held there is no constitutionally protected liberty interest in avoiding the "black box" restraints or other restraints during transport, even for civil detainees. Id. at 414-15.

However, whether the conditions of Plaintiff's close status in this case were the same as the conditions of close status in Miller was unclear. The Court therefore denied summary judgment with leave to renew and directed Plaintiff to submit an affidavit describing what close status was for him.

Plaintiff's affidavit states that he was placed in a room with a bed, mattress, a ceiling light, toilet, desk, two yellow jumpsuits, and shower shoes. He was given toothpaste, a toothbrush, soap, shampoo, his eyeglasses, and a pen, but no other property. He was effectively denied phone calls and visits, could not purchase from the commissary, and there were no electrical outlets. He was allowed out of his room to eat breakfast, lunch, and dinner, for an hour at each meal. He was also allowed to watch television in the dayroom for two hours before being locked in his room for the evening.

These restrictions are looser than the segregation restrictions in prison, but the norm for prison life is obviously different than the norm for life in a mental health treatment facility. Whether <u>Miller</u> is distinguishable in these particular circumstances is subject to reasonable debate. The Court is not going to decide this issue now, particularly since Defendants do not argue that the restrictions described by Plaintiff are not significant enough to trigger procedural due process protections.

However, summary judgment is still warranted to Defendants on Plaintiff's procedural due process claim. An inference does arise in Plaintiff's favor that he did not receive written notice of the charge because he could not read the charge. He did not have his eyeglasses. He clearly had some idea of what the charge was since he says he submitted a sworn statement at the disciplinary hearing, and the charge was read to him at the hearing. Still, a juror could find that Plaintiff did not receive advance written notice or an opportunity to marshal evidence other than his own testimony.

However, the evidence Plaintiff wanted to present would not have made a difference in the outcome of the hearing. Plaintiff wanted to present his medical records at the

disciplinary hearing to show that Plaintiff had not used his fists to hit Mr. Williamson and also to show that Plaintiff's injuries were consistent with Mr. Williamson being the aggressor. Plaintiff explained to the disciplinary committee that Mr. Williamson had initiated the attack, forcing Plaintiff to try to defend himself with a pen. Plaintiff admitted in his deposition that he told the committee that he "started to stick that clown with a pen." (Pl.'s Dep. p. 99; 12/17/14 Behavior Committee Meeting.)[2] Defendant Caraway avers that the committee considered Plaintiff's use of the pen as an escalation of the incident and that the committee understood that Plaintiff had not struck Mr. Williamson with Plaintiff's fists. (Caraway Aff. ¶¶ 28-29, d/e 65-3; Hankins Aff. ¶ 12, d/e 77-2.) Thus, the medical records or testimony about Plaintiff's injuries would not have changed the committee's decision. Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003)(applying harmless error analysis to refusal to call witnesses in

---

[2]To the extent Plaintiff tries to avoid this admission with his affidavit, he cannot do so. *See* Harmon v. Gordon, 712 F.3d 1044, 1051-52 (7th Cir. 2013)("'the law of this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony.'")(quoted cite omitted).

disciplinary hearings). Plaintiff may view the committee's decision as unfair because he was not the aggressor, but that is not enough for a constitutional violation.

**IT IS ORDERED:**

(1) Defendants' motion to strike Plaintiff's sur-reply to Defendants' reply is granted. (d/e 136.) Briefing on a summary judgment motion ends with the movant's reply. See CDIL-LR 7.1(D).

(2) The motion for summary judgment by Defendants Caraway and Reid on Plaintiff's procedural due process claim is granted. (d/e 131.) The procedural due process claim is dismissed as to all Defendants. Defendant Hankins did not renew his motion for summary judgment on this claim, but the claim is not viable as to any Defendant given the Court's ruling.

(3) The federal claim surviving for trial is Plaintiff's claim against Defendants Hankins, Scott, Kunkel, and Caraway for the failure to protect Plaintiff from Mr. Williamson's assault. Also remaining is a supplemental state law claim against Mr.

Williamson. The Court will need to determine whether default against Mr. Williamson is warranted.

(4) A status conference is set for by video conference for February 27, 2018, at 10:00 a.m.

(4) The clerk is directed to terminate Defendant Reid, who is implicated only in the procedural due process claim.

(5) The clerk is directed to issue a video writ to secure Plaintiff's presence at the status conference on February 27, 2018.

(6) The clerk is directed to issue a telephone writ to resident Antonio Williamson for Mr. Williamson's appearance at the status conference on February 27, 2018. Mr. Williamson is by phone in case the facility wishes to keep Mr. Williamson and Plaintiff separate.

**ENTERED: February 7, 2018**

<u>s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
U.S. DISTRICT JUDGE